IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00166-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SEAN MASSEY, | ) | |
| Defendant. | ) | |

The Defendant, Sean Massey ("Massey") has filed a motion for reconsideration [DE-57] of this court's order denying his requests for transcripts [DE-56]. On May 10, 2011, Massey was sentenced to 210 months imprisonment and 3 years of supervised release. *See* Judgment [DE-36]. On February 8, 2013, the court denied Massey's request for transcripts of his arraignment and sentencing hearings.

Massey contends the court miscalculated the cost of producing the transcripts because the transcripts have already been produced for appellate purposes and "only the cost of the clerk's duplication would be incurred by the [G]overnment." Def.'s Mot. for Reconsideration [DE-57] at 1. Massey argues that the court should reconsider its order because the cost of duplicating the transcripts is significantly less than the cost of initially producing them. Massey further explains that "if the transcript's [sic] are not fowarded [sic] then this Court is forcing Massey to file a bare-bones 28 U.S.C. § 2255 petition." *Id.*

The court did not deny Massey's original request for transcripts based on the cost difference between producing the transcripts and duplicating the transcripts. As the court stated in its previous order [DE-56], "An indigent defendant is not entitled to transcripts at the Government's expense 'merely to comb the record in the hope of discovering some flaw.'" *Id.* at

1-2 (quoting *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963)). Massey must show a "particularized need" for the documents. *United States v. MacCollom*, 426 U.S. 317, 323-30 (1976). Additionally, if the defendant has personal knowledge of the facts that provide the basis for the collateral attack, the court should deny the transcript request. *United States v. Shoaf*, 341 F.2d 832, 833-35 (4th Cir 1964).

Massey's statement that "if the transcript's [sic] are not fowarded [sic] then this Court is forcing Massey to file a bare-bones 28 U.S.C. § 2255 petition" suggests that Massey intends to "comb the record in the hope of discovering some flaw." *Glass*, 317 F.2d at 200. Massey's letter motion does not explain why he believes his conviction was unlawful or why the he needs the transcript to file the petition. Massey has not made the requisite showing of a "particularized need" and his motion for reconsideration [DE-57] is therefore DENIED.

Nothing in this Order prevents Massey from filing a formal § 2255 collateral attack on his conviction. The § 2255 petition requires only a short and plain statement of the reasons Massey is challenging his conviction, and it does not require citation to the record. If his § 2255 application survives preliminary screening, the court may allow discovery, including requests for transcripts. Rules Governing Section 2255 Proceedings, Rules 4-6.

SO ORDERED.

This, the 28 day of February, 2013.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge