## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:10-CR-00166-F-1
No. 5:13-CV-00164-F

| | | |
|---|---|---|
| SEAN MASSEY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-66] Sean

Massey's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §

2255 [DE-59, DE-62].[1] The issues have been fully briefed and are now ripe for ruling. For the

reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

## I. Factual and Procedural Background

On May 26, 2010, Massey was charged in a three-count indictment. *See* Indictment [DE-

1]. In Count One, Massey was charged with a Hobbs Act Robbery, in violation of 18 U.S.C. §

1951. Count Two charged Massey with the use, carry, and possession of a firearm in furtherance

of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). In Count Three, Massey was

charged with possession of ammunition by a felon, in violation of 18 U.S.C. §§ 924(g)(1) and

924.

Massey's arraignment was held on January 31, 2011. At that time, Massey pled not guilty

on all counts. A change of plea hearing was held on February 8, 2011. Massey pled guilty to

---

[1] Massey's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-59], which was filed on March 6, 2013. At the court's direction, Massey filed a "conforming" motion [DE-62] on March 14, 2013.

Count One pursuant to a written plea agreement [DE-34]. It was agreed that Counts Two and Three would be dismissed at sentencing. [DE-34] at 4.

On May 10, 2011, the court held Massey's sentencing hearing. Massey received a sentence of 210 months' imprisonment on Count One. *See* Judgment [DE-36].

Massey filed a Notice of Appeal [DE-38] on May 18, 2011. Before the Fourth Circuit Court of Appeals, Massey appealed his sentence and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), presenting no meritorious grounds for appeal but asserting that this court procedurally erred by failing to address his non-frivolous request for a lower sentence. In an order [DE-47] entered on December 13, 2011, the Fourth Circuit dismissed Massey's appeal, on the basis that his challenge fell within the compass of his appeal waiver.[2] Massey did not file a petition for certiorari with the United States Supreme Court.

On March 6, 2013, Massey filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-59, DE-62]. In his section 2255 motion, Massey argues that he is entitled to relief on the following grounds: (1) his trial attorney provided ineffective assistance of counsel by failing to secure the services of an independent mental health

---

[2] Massey's plea agreement contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[DE-34] at 1-2.

expert; (2) his trial attorney provided ineffective assistance of counsel by failing to explain the Sentencing Guidelines or the court's sentencing discretion; (3) his trial attorney provided ineffective assistance of counsel by failing to move for various downward departures; (4) his trial attorney provided ineffective assistance of counsel by failing to request a three-level reduction for acceptance of responsibility; (5) his trial attorney provided ineffective assistance of counsel by failing to object to the Presentence Report; (6) his trial attorney provided ineffective assistance of counsel by failing to inform him of his right to testify; (7) his trial attorney's numerous errors entitle him to relief under a cumulative error argument; (8) his trial attorney provided ineffective assistance of counsel by failing to preserve the conflict of interest issue; (9) his trial attorney provided ineffective assistance of counsel by failing to explain the consequences of entering a plea or how the waiver contained in his plea agreement affected his rights; (10) his trial attorney provided ineffective assistance of counsel by coercing him into entering into a plea agreement with the Government; (11) his trial attorney provided ineffective assistance of counsel by failing to investigate, interview, or call witnesses in support of his defense; (12) his trial attorney provided ineffective assistance of counsel by failing to challenge the Government's suppression of favorable evidence; (13) his trial attorney provided ineffective assistance of counsel by failing to challenge the Government's authority to prosecute him; (14) his appellate attorney provided ineffective assistance of counsel by failing to brief and argue all issues on appeal that were preserved on the record; (15) his trial attorney provided ineffective assistance of counsel by failing to request a *Jackson-Denno*[3] hearing, and his appellate attorney provided ineffective assistance of counsel by failing to argue that his trial attorney erred by not having a

---

[3] *Jackson v. Denno*, 378 U.S. 368 (1964).

*Jackson-Denno* hearing; and (16) he is entitled to relief because he is actually innocent.

As noted, the Government has filed a Motion to Dismiss [DE-66]. In its Motion to Dismiss, the Government argues that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that Massey has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

4

### A. Massey Has Failed to State a Claim of Ineffective Assistance of Counsel.

Massey has raised fifteen claims of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Massey's ineffective assistance of counsel claims in turn.

#### 1. Failed to secure services of independent mental health expert

In his first claim, Massey alleges that his trial attorney provided ineffective assistance of counsel by failing to secure a mental health expert so that an independent evaluation could be conducted. [DE-59-4] at 3-4. Massey contends that if an independent mental health expert had been secured, the information provided could have been used to bolster his defense. *Id.* at 3. Specifically, Massey asserts that an independent mental health expert could have presented

5

critical testimony about his state of mind without his psychotropic medications. *Id.* at 4.

A review of the record reveals that Massey's attorney filed a Motion to Determine Competency [DE-18] pursuant to 18 U.S.C. § 4241 on September 20, 2010.[4] The court allowed the motion and committed Massey to the custody of the Attorney General so that he could undergo psychological and/or psychiatric examination.[5] [DE-19] at 1. After the examination was complete, this court held a competency hearing on January 3, 2011. At the competency hearing, Massey was found competent to proceed.

The court concludes that this claim must fail under *Strickland* because Massey has not sufficiently alleged deficient performance by his attorney. As noted above, Massey's attorney moved to have him evaluated by a mental health expert and Massey received a forensic evaluation by forensic psychologist Dawn Graney, Psy.D.[6] While Graney's opinion regarding Massey's competency might not have revealed what Massey wanted, Massey has failed to

---

[4] The September 20, 2010 motion, in pertinent part, provides:

> Counsel states that there is reasonable cause to believe that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

[DE-18] at 1.

[5] The court's order provides that the purpose of the examination shall be to determine whether there is reasonable cause to believe that the defendant presently is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to properly assist in his defense. [DE-19] at 1.

[6] It was Graney's opinion that Massey did not suffer from a psychotic disorder. Graney further opined that Massey was not currently suffering from a mental disease or defect which rendered him unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.

6

suggest how his counsel's failure to obtain the services of a second mental health expert was performance which fell below an objective standard of reasonableness. *See Elam v. Denney*, 662 F.3d 1059, 1066 (8th Cir. 2011) ("Even when the initial evaluation by a mental health expert has failed to support a competency or insanity defense, we have repeatedly rejected ineffective assistance of counsel claims based upon counsel's failure to obtain and present testimony by additional mental health experts.") Consequently, Massey's first claim must fail.

## 2. Failed to explain Sentencing Guidelines or court's sentencing discretion

Massey alleges in his second claim that his trial attorney provided ineffective assistance of counsel by failing to inform him about the Sentencing Guidelines and the impact they could have on his sentence. [DE-59-4] at 4; [DE-59-2] at 1. Specifically, Massey contends that his attorney never advised him that it was possible that he could receive a sentence greater than that which he agreed to in his plea agreement with the Government. [DE-59-2] at 1.

Massey's allegations are contradicted by the record. At Massey's change of plea hearing on February 8, 2011, the court inquired of Massey whether he and his attorney had discussed the applicability of the sentencing factors, including the advisory Sentencing Guidelines, to his case and the potential effects on his sentence. *See* February 8, 2011 Hearing Transcript [DE-43] at 4-5. Massey, who was under oath, responded affirmatively. *Id.* at 5. The court also inquired of Massey whether he understood that his attorney's calculation of his anticipated sentence was only an estimate and it would be the court that would determine his actual sentence. *Id.* Massey confirmed his understanding. *Id.* The Assistant United States Attorney then read the terms of the parties' plea agreement into the record. *Id.* at 5-10. The court asked Massey whether he understood that the terms of the plea agreement were merely recommendations to the court and

7

that any stipulations contained in the plea agreement did not bind the court. *Id.* at 10-11. Massey confirmed his understanding. *See* February 8, 2011 Hearing Transcript [DE-43] at 11. This court may rely on Massey's statements made under oath. *See United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) (holding that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established.")

In light of the foregoing, Massey's sworn statements at his Rule 11 hearing reveal that Massey and his attorney discussed the impact of the Sentencing Guidelines. Further, Massey was aware that the court had sentencing discretion and that any agreements contained in his plea agreement regarding sentencing were not binding on the court. Consequently, Massey's second claim must fail.

### 3.    Failed to move for downward departures

In his third claim, Massey alleges that his trial attorney provided ineffective assistance of counsel by failing to move for the following downward departures: (1) U.S.S.G. § 5H1.3 for his mental conditions; (2) U.S.S.G. § 5H1.4 for extraordinary physical impairment; (3) U.S.S.G. § 5K2.13 for diminished capacity; and (4) U.S.S.G. § 5K2.20 for aberrant behavior. [DE-59-2] at 1-3.

### a.    U.S.S.G. § 5H1.3: Mental and Emotional Conditions

Referencing section 5K2.13, Massey alleges that his attorney's failure to request a departure on the basis of diminished capacity or general mental conditions was ineffective assistance of counsel because he committed the robberies at issue with a diminished capacity. [DE-59-2] at 2.

Section 5H1.3 provides: "Mental and emotional conditions may be relevant in

8

determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."

Massey's conviction involved the use and discharge of a firearm during a Hobbs Act robbery; thus, he was not eligible for a diminished capacity departure. *See United States v. Smith*, 69 Fed. Appx. 654, 654 (4th Cir. 2003); *United States v. Bowe*, 257 F.3d 336, 346-47 (4th Cir. 2001). Because Massey was not eligible for a diminished capacity departure, Massey has failed to sufficiently allege deficient performance by his attorney for failing to raise the issue. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D.Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Accordingly, this claim must fail.

### b. U.S.S.G. § 5H1.4: Physical Condition

Massey alleges that his trial attorney erred by failing to argue that the Bureau of Prisons could not properly treat his medical condition and for not moving for a downward departure on this basis. [DE-59-2] at 2. Massey argues that at his sentencing hearing the Bureau of Prisons had not acknowledged that it considered his condition and verified that it regularly treated prisoners with the same condition. *Id.*

Pursuant to section 5H1.4, the court may depart from the guidelines "if [an offender's] condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward[.]" U.S.S.G. § 5H1.4.

9

Massey has failed to state what physical condition he was suffering from. Moreover, the evidence in the record reveals that he was healthy and had no known history of health problems. PSR ¶ 25. These facts were confirmed by Massey's mother, Elaine Massey. *Id.* Because there is nothing in the record to suggest that Massey had a physical condition warranting a downward departure pursuant to U.S.S.G. § 5H1.4, Massey has failed to show deficient performance by his attorney for failing to raise the issue. *See Moore*, 934 F. Supp. at 731 (holding that failure to raise a meritless argument can never amount to ineffective assistance). Consequently, this claim must fail.

### c.   U.S.S.G. § 5K2.13:  Diminished Capacity

Massey makes the bare allegation that his trial attorney provided ineffective assistance of counsel by failing to move for a downward departure pursuant to section 5K2.13 on the basis of his diminished capacity. [DE-59-2] at 1-3.

The court may depart downward if (1) the defendant suffered from a significantly reduced mental capacity when he committed the offense and (2) it "contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13. The court may not depart on this ground if "the offense involved actual violence or a serious threat of violence." *Id.*

The offense conduct at issue in this case occurred when Massey robbed the Tobacco Road Outlet located in Fayetteville, North Carolina. *See* PSR ¶ 5. Massey entered the store wearing a hooded sweatshirt, pointed a .25 caliber handgun at the clerk, and instructed the clerk to, "Give me your money!" *Id.* Before the clerk could get to the register, Massey fired the handgun behind the register. *Id.*

As demonstrated above, the offense involved violence, and as such, Massey was not

10

eligible for a downward departure pursuant to section 5K2.13. Because Massey was not eligible
for the departure, his attorney was not ineffective in failing to raise the issue. *See Moore*, 934 F.
Supp. at 731 (holding that failure to raise a meritless argument can never amount to ineffective
assistance). Accordingly, this claim must fail under *Strickland*.

### d. U.S.S.G. § 5K2.20: Aberrant Behavior

Massey makes the bare allegation that his trial attorney provided ineffective assistance of
counsel by failing to move for a downward departure pursuant to U.S.S.G. § 5K2.20 for aberrant
behavior. [DE-59-2] at 3.

Under U.S.S.G. § 5K2.20, the court may depart downward in exceptional circumstances
if the offense "(1) was committed without significant planning; (2) was of limited duration; and
(3) represents a marked deviation by the defendant from an otherwise law-abiding life."

The court concludes that Massey's criminal history does not reflect that U.S.S.G. §
5K2.20 was applicable to him because he has not "otherwise led a law-abiding life."
Specifically, the record reveals that Massey had the following prior convictions: (1) 2000
conviction for first degree burglary; (2) 2003 conviction for common law robbery and possession
of cocaine; (3) 2003 conviction for a harassing phone call; (4) 2007 conviction for
careless/reckless driving; (5) 2006 conviction for fleeing/eluding arrest with a motor vehicle,
driving to endanger, driving while license revoked, breaking and entering, and larceny after
breaking and entering; (6) 2006 conviction for driving while impaired and fleeing/eluding arrest
with a motor vehicle; (7) 2006 conviction for possession of a stolen motor vehicle, breaking and
entering, and larceny after breaking and entering; (8) 2008 conviction for larceny; and (9) 2010
conviction for second degree obstruction of governmental administration. PSR ¶¶ 8-16. Massey

11

was not eligible for a downward departure pursuant to section 5K2.20; thus, his attorney was not ineffective for failing to raise the issue. *See Moore*, 934 F. Supp. at 731 (holding that failure to raise a meritless argument can never amount to ineffective assistance). Consequently, this claim must fail.

**4.    Failed to move for a reduction based on acceptance of responsibility**

In his fourth claim, Massey alleges this his trial attorney provided ineffective assistance of counsel at sentencing by failing to move for a three-level reduction based on acceptance of responsibility. [DE-59-2] at 3.

This claim must fail because it is belied by the record. Massey's attorney argued at sentencing that he was entitled to three points for acceptance of responsibility. *See* May 10, 2011 Transcript [DE-44] at 3. The court ultimately concluded that Massey was only entitled to two points because the Government was already prepared for trial, but Massey's attorney did make the argument. *Id.* at 4. Accordingly, Massey's fourth claim must fail.

**5.    Failed to object to the Presentence Report**

Massey alleges in his fifth claim that his trial attorney provided ineffective assistance of counsel by failing to object to the Presentence Report. [DE-59-2] at 4. Specifically, Massey argues that the Presentence Report contained numerous factual and legal errors that his attorney should have objected to prior to sentencing. *Id.* Further, Massey contends that his attorney failed to properly review the Presentence Report with him so that he would understand how the report related to his criminal case. *Id.*

Massey has failed to state specifically what factual and legal errors his attorney should have objected to. *See Twombly*, 550 U.S. at 555 (a plaintiff's "[f]actual allegations must be

12

enough to raise a right to relief above the speculative level"). Moreover, at his sentencing

hearing, Massey was specifically asked if he had any objection to anything in the Presentence

Report. *See* May 10, 2011 Transcript [DE-44] at 8. Massey responded in the negative. *Id.*

Also, during Massey's sentencing hearing, Massey advised the court that he had read his

Presentence Report and discussed it with his attorney. *Id.* at 2. Consequently, Massey's fifth

claim must fail.

### 6. Failed to inform him of his right to testify

In his sixth claim, Massey summarily alleges that his trial attorney provided ineffective

assistance of counsel by failing to inform him that he had a right to testify. [DE-59-2] at 4-5.

"[A] criminal defendant has a constitutional right to testify on his own behalf at trial."

*United States v. Midgett*, 342 F.3d 321, 325 (4th Cir. 2003) (citing *Rock v. Arkansas*, 483 U.S.

44, 51 (1987)). Further, it is the criminal defendant who possesses ultimate authority to decide

whether he will testify. *United States v. McMeans*, 927 F.2d 162, 163 (4th Cir. 1991).

This claim must fail under *Strickland* because Massey has failed to sufficiently allege

prejudice. As noted, Massey pled guilty and did not have a trial. Moreover, at Massey's

arraignment held on January 31, 2011, the court advised Massey that he had the right to testify if

he chose to do so at a jury trial. *See* January 31, 2011 Transcript [DE-42] at 10. Massey was

further advised that he had the right not to testify and no inference or suggestion of guilt could be

drawn from the fact that he chose not to testify. *Id.* Because Massey has failed to sufficiently

allege prejudice, his sixth claim will be dismissed.

### 7. Committed numerous errors

Massey summarily argues in his seventh claim that all of the errors by his trial attorney

13

should be viewed in the aggregate because, when viewed cumulatively, he has been denied the right to a fair trial. [DE-59-2] at 5-6.

As noted with respect to Massey's previously-alleged claims, he has failed to sufficiently allege a claim for ineffective assistance of counsel under *Strickland*. Moreover, Massey's conclusory allegation that all of his attorney's errors viewed in the aggregate entitles him to relief, without any supporting facts, fails to state a claim for habeas relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding that the denial of a section 2255 motion was appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). For these reasons, Massey's seventh claim will be dismissed.

## 8. Failed to preserve the conflict of interest issue

In his eighth claim, Massey alleges that his trial attorney provided ineffective assistance of counsel by failing to preserve a conflict of interest issue. [DE-59-2] at 6-7. Massey specifically argues that his attorney insisted on him taking a plea without conducting any investigation into the mitigating circumstances of his case. *Id.*

This claim must fail under *Strickland* because Massey has failed to allege any prejudice caused by his attorney insisting he take a plea without conducting investigation into the mitigating circumstances of his case. Consequently, Massey's eighth claim will be dismissed.

## 9. Failed to explain consequences

Massey alleges in his ninth claim that his trial attorney provided ineffective assistance of counsel and the court abused its discretion by failing to explain the consequences of entering a plea or how the waiver in his plea agreement affected his rights. [DE-59-2] at 7-8.

This claim is belied by the record. A review of the record reveals that Massey received

14

the following advice from the court during his January 31, 2011 arraignment:

> In addition to the right to be charged by an indictment, the Constitution and laws of the United States give you the right to a jury trial with respect to the charges against you. In that regard you should consider the following:
>
> First, at a jury trial, you would be presumed to be innocent. The government would be required to prove your guilt by competent evidence and beyond a reasonable doubt before you could be found guilty. You would not have to prove that you were innocent.
>
> Second, the witnesses for the government would have to come to court and testify in your presence. You or your lawyer could cross-examine those witnesses, object to evidence offered by the government, and offer evidence on your behalf.
>
> Third, you would have the right to use the subpoena power of the Court to make witnesses come to court on your behalf, whether they wanted to come or not.
>
> Fourth, you would have the right to testify if you chose to do so. You also would have the right not to testify. No inference or suggestion of guilt could be drawn from the fact that you did not testify.
>
> If you plead guilty, you will waive your right to a jury trial. Instead of a trial, you will be adjudged guilty and will be sentenced on the basis of your guilty plea in consideration of the factors listed in Title 18, United States Code, Section 3553(a) and the advisory sentencing guidelines.

*See* January 31, 2011 Transcript [DE-42] at 9-10. Massey was further advised as follows:

> A plea of guilty has the following consequences:
>
> First, you will have to waive your right not to incriminate yourself, because the Court will ask you questions about what you did in order to be sure that you're guilty as charged, and you will have to acknowledge your guilt.
>
> Second, the Court may impose the same punishment as if you had pleaded not guilty and had been convicted by a jury.
>
> Third, if you are on probation or parole in another case in this or any court, by pleading guilty here, your probation or parole may be revoked and you may be required to serve time in that case in addition to any sentence imposed upon you as a result of your guilty plea.
>
> Fourth, in addition to any sentence imposed, your plea of guilty to a felony may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

*Id.* at 12-13. Massey was also informed:

> You may agree to waive your appeal rights both as to your conviction and sentence in the plea agreement. Such waivers generally are enforceable, but if you believe the waiver is unenforceable, you can present that theory to the appellate court.

15

*Id.* at 18-19.

Additionally, at his February 8, 2011 change of plea hearing, the following colloquy took

place:

> The Court: You were in the courtroom on January the 31st of this year, when the
> court explained to you your rights to a jury trial under the Constitution and laws of
> the United States with regard to the charges pending against you; do you remember that?
>
> Defendant: Yes.
>
> The Court: Do you understand you must give up those rights associated with a jury
> trial in order to plead guilty?
>
> Defendant: Yes.
>
> The Court: Do you understand the possible consequence of your plea?
>
> Defendant: Yes.

*See* February 8, 2011 Transcript [DE-43] at 3-4. At the direction of the court, the Assistant

United States Attorney read the terms of the plea agreement into the record. This included the

following relevant excerpt, which reflects that Massey agreed

> [t]o waive knowingly and expressly all rights conferred by 18 USC 3742, to appeal
> whatever sentence is imposed including any issues that relate to the establishment of
> the advisory guideline range, reserving only the right to appeal from a sentence in
> excess of the applicable advisory guideline range that is established at sentencing
> and, further, to waive all rights to contest the conviction or sentence in any post-
> conviction proceeding including one pursuant to 28 USC 2255, excepting an appeal
> or motion based upon grounds of ineffective assistance of counsel or prosecutorial
> misconduct not known to the defendant at the time of the defendant's guilty plea.

*Id.* at 6.

In a later attempt to reiterate the importance of the appellate waiver contained in

Massey's plea agreement with the Government, the following exchange occurred:

16

The Court: Do you also understand that you reserve only the right to appeal from an upward departure from the advisory guideline range established at sentencing, and that you otherwise waive all rights to appeal whatever sentence is imposed, and you waive all rights to contest your conviction or sentence in a post-conviction proceeding except upon the grounds of ineffective assistance of counsel or prosecutorial misconduct not know to you at this time?

Defendant: Yes.

*Id.* at 11.

As the following reflects, Massey was fully advised about the consequences of entering a plea and was also fully advised about the impact of the waiver contained in his plea agreement with the Government. Because Massey's ninth claim is belied by the record, it will be dismissed.

### 10. Coerced him into entering into a plea agreement

In his tenth claim, Massey alleges that his trial attorney provided ineffective assistance of counsel by coercing him into accepting and signing his plea agreement. [DE-59-2] at 8-9. Massey contends that the court failed to inquire whether he understood that if his guilty plea was accepted he would be waiving his appellate and collateral review rights. *Id.* at 8. Also, Massey argues that the court erred by failing to see if anyone had coerced him into entering into his plea agreement. *Id.*

Massey's contentions are belied by the record. As noted above, at Massey's February 8, 2011 change of plea hearing, the Government read the terms of the parties' plea agreement into the record. *See* February 8, 2011 Transcript [DE-43] at 5-10. This included reading the provision containing the waiver of appellate and collateral review rights. *Id.* at 6. As also noted, the court followed up by inquiring of Massey whether he understood the terms of his waiver of appellate and collateral review rights. *Id.* at 11. Massey confirmed that he understood. *Id.*

17

Massey's claim that the court failed to determine if anyone coerced him into entering into his plea agreement is also belied by the record. At the February 8, 2011 hearing, the following exchange occurred:

The Court: Now, has anyone threatened you or anyone else or forced you in any way to plead guilty?

Defendant: No.

*Id.* at 5. Because Massey's contentions are belied by the record, his tenth claim will be dismissed.

## 11. Failed to investigate, interview, or call witnesses

Massey alleges in his eleventh claim that his trial attorney provided ineffective assistance of counsel by failing to interview and call defense witnesses. [DE-59-2] at 9. Massey specifically argues that his attorney knew or should have known that certain individuals had knowledge of facts that were material to his defense. *Id.* According to Massey, his attorney erred by failing to call these people to effectively represent his defense. *Id.*

This claim must fail under the *Strickland.* Initially, the court notes that Massey has failed to state specifically who the individuals are who possessed the relevant knowledge and what this knowledge was that was so material. Moreover, this claim must fail because Massey has failed to allege any prejudice. As noted, Massey did not go to trial, so there was no opportunity for his attorney to call witnesses and mount a defense on his behalf. Consequently, Massey's eleventh claim must fail.

## 12. Failed to challenge the Government's suppression of evidence

In his twelfth claim, Massey alleges that his trial attorney provided ineffective assistance

18

of counsel by failing to challenge the Government's suppression of favorable evidence. [DE-59] at 1. Specifically, Massey contends that there was forensic evidence at the scene of the crime that pointed to someone other than him as the robber. *Id.*

This claim must fail under *Strickland* because Massey has failed to allege any prejudice from his attorney's failure to challenge the Government's alleged suppression of evidence. Accordingly, Massey's twelfth claim will be dismissed.

### 13.    Failed to challenge the Government's authority

Massey alleges in his thirteenth claim that his trial attorney provided ineffective assistance of counsel by failing to challenge the Government's authority to prosecute him. [DE-59] at 1. Massey specifically contends that his attorney failed to put the Government to the minimum adversarial test prior to him entering a guilty plea because the Government failed to show that the alleged robbery at issue in his case affected interstate commerce. *Id.*

This claim must fail under *Strickland* because Massey has not alleged any prejudice from his attorney's alleged failure to challenge the Government's authority to prosecute him. Consequently, Massey's thirteenth claim will be dismissed.

### 14.    Failed to brief and argue issues on appeal

In his fourteenth claim, Massey alleges that his appellate attorney provided ineffective assistance of counsel by failing to brief and argue all of the issues on appeal that had been properly preserved on the record. [DE-59] at 2.

This claim must fail under *Strickland* because Massey has failed to allege any prejudice. Moreover, this court notes that an appellate attorney need not address every conceivable issue. Rather, the court "must accord appellate counsel the 'presumption that he decided which issues

19

were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). Accordingly, Massey's fourteenth claim will be dismissed.

### 15. Failed to request a *Jackson-Denno* hearing

Massey alleges in his fifteenth claim that his trial attorney provided ineffective assistance of counsel by failing to request a *Jackson-Denno* hearing to determine the voluntariness of several statements he allegedly made to law enforcement officers during his arrest.[7] [DE-59] at 2. Massey further alleges that his appellate counsel provided ineffective assistance of counsel by failing to argue on appeal that his trial attorney erred by failing to request a *Jackson-Denno* hearing. *Id.* at 3.

This claim must fail under *Strickland* because Massey has failed to allege any prejudice caused by his trial attorney's failure to request a *Jackson-Denno* hearing or his appellate attorney's failure to raise the issue on appeal. Consequently, Massey's fifteenth claim will be dismissed.

## B. Massey's Sixteenth Claim is Contradicted by His Sworn Statements

In his sixteenth and final claim, Massey alleges that he is entitled to relief because he is actually innocent of the criminal offense supporting his conviction. [DE-59] at 3-4.

As the colloquy that took place at Massey's February 8, 2011 change of plea hearing reflects, Massey's claim is belied by his sworn statements:

---

[7] A *Jackson-Denno* hearing is conducted in response to a motion by a defendant in order to challenge the voluntariness of his custodial statements to authorities. *Lego v. Twomey*, 404 U.S. 477, 485 (1972) ("The procedure we established in [*Jackson v. Denno*, 378 U.S. 368 (1964)] was designed to safeguard the right of an individual . . . not to be compelled to condemn himself by his own utterances.")

The Court: Did you on or about January 5th, 2006 (sic), obstruct and delay commerce by a robbery and did you commit and threaten physical violence to a person and property in furtherance of your plan in conjunction with that robbery; did you do that?

Defendant: Yes, sir. No, it wasn't –

The Court: Did you do that – that was on January 6th, 2009; did you do that?

Defendant: Yes.

The Court: Then you are, in fact, guilty; aren't you?

Defendant: Yes.

The Court: Since you acknowledge that you are, in fact, guilty as charged in Count One, and since you know your right to a trial and what the maximum possible punishment is, and since you are voluntarily pleading guilty, the court will accept your guilty plea and enter a judgment of guilty thereon.

*See* February 8, 2011 Transcript [DE-43] at 12.

Massey is bound by his declarations of guilt during his Rule 11 hearing, and his current allegations to the contrary must be rejected. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."); *see also Lemaster*, 403 F.3d at 221 ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)). Accordingly, Massey's sixteenth claim must fail because it is belied by his sworn statements made during his Rule 11 hearing.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-66] is ALLOWED,

and Massey's section 2255 motion [DE-59, DE-62] is DISMISSED. The court concludes that

Massey has not made the requisite showing to support a certificate of appealability. Therefore, a

certificate of appealability is DENIED.

SO ORDERED.

This the _16_ day of April, 2015.

James C. Fox

James C. Fox
Senior United States District Judge

22